*Our File Number: 1077.00*
By: Thomas M. Barron, Esquire
BARRON BAKER & POSTERNOCK, L.L.P.
400 N. Church Street, Suite 250
Moorestown, New Jersey 08057
(856) 642-6445  Fax: (856) 642-6148
tbarron@barpostlaw.com
Attorneys for Jennifer Vandegrift

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JENNIFER M. VANDEGRIFT, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM J. BOWEN, the CITY OF | : | **COMPLAINT AND JURY DEMAND** |
| MARGATE,  and John Does, one or more, | : | |
| | : | |
| Defendants. | : | |

Jennifer M. Vandegrift states by way of complaint as follows:

## I.     PARTIES

1.     Plaintiff Jennifer M. Vandegrift is a single person who is a citizen of the District and State of New Jersey residing in the Township of Mays Landing in Atlantic County, New Jersey.

2.      Defendant, William J. Bowen, is an individual who is a citizen of the District and State of New Jersey residing in the Township of Egg Harbor in Atlantic County, New Jersey.

3.     Defendant City of Margate is a municipal corporate body which is a citizen of the District and State of New Jersey with a principal place of business located at 1 S. Washington Avenue, Margate, New Jersey  08402.

4.     Defendants John Does, one or more, are currently unidentified members and officer of the City of Margate Police Department, or other City officials, who had the responsibility of training, supervising and disciplining defendant Bowen while he was employed by the City of Margate.

## II.     JURISDICTION AND VENUE

5.   This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §1983.  The court has additional and supplemental jurisdiction based upon 28 U.S.C. § 1367.

6.     Venue in this matter is properly before this court pursuant to 28 U.S.C. § 1391(a).

## III.     COMMON FACTS

7.     On or about June 7, 2005 in the City of Margate, County of Atlantic, State of New Jersey, Plaintiff was operating a motor vehicle, when she was stopped by William J. Bowen ("Bowen"), then a sergeant of the City of Margate Police Department.

8.     During the course of the stop, Bowen asked Petitioner for her telephone number, asked her out on a date and asked her to remove and give him her undergarments.  Petitioner felt coerced to give him her telephone number but evaded his request for her undergarments by saying she was not wearing any.

9.     Bowen released her from custody despite the fact that Petitioner was visibly intoxicated.  Petitioner was later arrested for driving under the influence by members of the Ocean City Police Department.

10.     On or about June 8, 2006, Petitioner received a telephone call from a person who identified himself as "Joe".  The caller said that he had gotten her telephone number that evening, and Bowen was the only person who had obtained her telephone number that evening.

Bowen was later identified as the caller. Bowen, using raw and graphic language, told Petitioner that he wanted to have sex with her, that he thought it was "hot" that she did not wear underwear, and that he wanted to have oral sex with her. Petitioner terminated the telephone call.

11.    Bowen telephoned the Petitioner on June 9, 2005 at 8:30 a.m., shortly after he had completed his late night shift (12:00 a.m. to 8:00 a.m.).

12.    Petitioner initially believed that Bowen was a member of the Ocean City Police Department and through counsel filed a Notice of Tort Claim in which she alleged intentional violations of her civil rights and the infliction of emotional distress. Since the incident Petitioner has received treatment for emotional problems directly and proximately caused by Bowen's conduct.

13.    The Cape May County Prosecutor conducted an investigation which revealed that the incident occurred in Margate. Petitioner cooperated with the City of Margate's investigations, which led to the filing of administrative charges against Bowen.

14.    The City of Margate appointed the Honorable Richard A. Williams, J.S.C. (Ret.) as a hearing officer. Judge Williams, after hearing the evidence, which included Petitioner's testimony, recommended Bowen's termination. This recommendation was accepted by the City of Margate and Bowen was terminated from the force. Bowen appealed his termination to the Department of Personnel's Merit System Board which transferred the matter to the Office of Administrative Law. On the date of the hearing the City of Margate and Bowen entered into an agreement whereby Bowen was permitted to resign from the police department but would not seek reinstatement with the department.

## IV.    CAUSES OF ACTION

### FIRST COUNT
### BOWEN-DEPRIVATION OF
### RIGHTS PURSUANT TO 42 U.S.C. §1983

15.    Plaintiff repeats the allegations contained in Paragraphs 1 through 14 as if repeated in full herein.

16.    At all times relevant herein, Defendant Bowen was a government employee acting under color of state law. By assaulting the plaintiff, invading her privacy and inflicting emotional distress, Bowen violated plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.  As a direct and proximate result to this conduct, Plaintiff has sustained harm in the form of past and continuing emotional distress.

17.     Defendant Bowen's conduct was done deliberately, maliciously and is especially egregious and warrants the imposition of punitive or exemplary damages.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the Defendant William J. Bowen for damages at law, punitive damages, reasonable attorney's fees and costs and interest as provided by law.

### SECOND COUNT
### CITY OF MARGATE-DEPRIVATION OF
### RIGHTS PURSUANT TO 42 U.S.C. §1983 (Failure to Respond
### to, investigate or act upon Complaints of Sexual Misconduct)

18.    Plaintiff repeats the allegations contained in Paragraphs 1 through 17 as if repeated in full herein.

19.    The Defendant City of Margate, had a custom, practice or policy of failing to adequately respond to, investigate and act upon complaints of sexual misconduct by police department personnel, either directly or through deliberate indifference to the violation of the constitutional rights of female citizens.

4

20.     This custom, practice or policy of the Defendant City of Margate directly and proximately resulted in the violation of Plaintiff's constitutional rights and caused her to suffer damages in the form of emotional distress.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the Defendant City of Margate for damages at law, reasonable attorney's fees and costs and interest as provided by law.

### THIRD COUNT
### CITY OF MARGATE-DEPRIVATION OF
### RIGHTS PURSUANT TO 42 U.S.C. §1983 (Inadequate
### Hiring and Training Procedures)

21.     Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 20 as if set forth in full herein.

22.     The hiring and training practices of the City of Margate were inadequate in that the Defendant City, acting through its police and civilian administrators, knew or should have known that sexual misconduct by police officers employed in patrol duty functions was conducted on a frequent and repetitive basis, that the wrongful actions of officers against female citizens was conducted in a manner and against those individuals who were (a) unlikely to complain or (b) were unlikely to be believed and (c) that little or no administrative or disciplinary sanctions would be brought against officers who sexually intimidated, harassed or assaulted female citizens.

23.     This knowledge of the prevalence and nature of sexual misconduct by police offers created a duty on the part of the City of Margate to take adequate steps and measure to hire, train and supervise patrol officers in order to prevent the violation of the constitutional rights of female citizens.

24. The failure of the City of Margate to take adequate steps to hire, train and supervise patrol officers was deliberately indifferent to the rights of female citizens and was a direct and proximate cause of the violation of Plaintiff Jennifer M. Vandegrift's constitutional rights and her subsequent emotional distress.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the Defendant City of Margate for damages at law, reasonable attorney's fees and costs and interest as provided by law.

**FOURTH COUNT**
**DEFENDANTS JOHN DOES, One or More –**
**DEPRIVATION OF RIGHTS PURSUANT TO**
**42 U.S.C. §1983 (Inadequate**
**Supervision and Training)**

25. Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 24 as if set forth in full herein.

26. Defendants John Does, one or more, are currently unidentified members and officer of the City of Margate Police Department, or other City officials, who had the responsibility of training, supervising and disciplining defendant Bowen while he was employed by the City of Margate.

27. These defendants knew or should have known of Defendant Bowens' history or propensity to commit acts of sexual misconduct against female citizens and demonstrated deliberate indifference or tacit authorization of such conduct and failed to take sufficient remedial action to deter Bowen and to protect female citizens from his unconstitutional conduct.

28. The failure of the defendants to take sufficient remedial action was a direct and proximate cause of the violation of Plaintiff Jennifer M. Vandegrift's constitutional rights and her subsequent emotional distress.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the Defendant City of Margate for damages at law, reasonable attorney's fees and costs and interest as provided by law.

## FIFTH COUNT
## BOWEN-VIOLATION OF N.J.S.A. 10:5-12

29.     Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 28 as if set forth in full herein.

30.     The City of Margate Police Department is a place of public accommodation as defined by New Jersey's Law Against Discrimination, ***N.J.S.A.*** 10:5-4, which provides that all persons shall have the opportunity to … obtain all of the accommodations, advantages, facilities, and privileges of any place of public accommodation … without discrimination because of … sex … "

31.     Defendant Bowen was an agent and/or employee of the City of Margate Police Department at all times relevant to this action.  In that capacity Bowen violated ***N.J.S.A.*** 10:5-12 which provides that "[i]t shall be unlawful discrimination … for any … agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof … on account of the [person's] … sex."

32.     Bowen's sexual misconduct towards Plaintiff, based solely upon her sex and gender, constituted unlawful discrimination in violation of the aforesaid statutory provisions.

33.     As a direct and proximate cause of Defendant Bowen's discriminatory conduct Plaintiff has sustained injuries.

34.     Defendant Bowen's conduct was done deliberately, maliciously and is especially egregious and warrants the imposition of punitive or exemplary damages.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the Defendant William J. Bowen for damages at law, punitive damages, reasonable attorney's fees and costs and interest as provided by law.

**SIXTH COUNT**
**CITY OF MARGATE-VIOLATION OF N.J.S.A. 10:5-4**

35.     Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 34 as if set forth in full herein.

36.     Defendant City of Margate of Police Department is a place of public accommodation as defined by New Jersey's Law Against Discrimination, *N.J.S.A.* 10:5-1 *et seq.*

37.     Defendant City of Margate failed to adequately train, supervise and discipline Defendant Bowen and other police officers who engaged in acts of sexual misconduct towards members of the public based upon sex.  Additionally, the Defendant City of Margate failed to implement practices, procedures and policies that would deter its police employees from discriminating based upon sex.

38.     As direct and proximate result of the failure of the Defendant City of Margate to take appropriate and necessary actions to prevent Bowen's acts of discrimination and sexual misconduct, Plaintiff has sustained injuries.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the Defendant City of Margate for damages at law, punitive damages, reasonable attorney's fees and costs and interest as provided by law.

**SEVENTH COUNT**
**BOWEN-VIOLATION OF**
**NEW JERSEY CONSTITUTION, ART. I, ¶ 1.**

39.     Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 38 as if set forth in full herein.

40.     The conduct of Defendant Bowen violated the provisions of Art. I, ¶ 1 of the New Jersey Constitution, which, *inter alia*, provides guarantees of equal protection and the right to privacy and personal integrity.

41.     As a direct and proximate cause of Defendant Bowen's improper and illegal conduct, Plaintiff Jennifer M. Vandegrift's constitutional rights were violated and she sustained compensable damages.

42.     Defendant Bowen's conduct was done deliberately, maliciously and is especially egregious and warrants the imposition of punitive or exemplary damages.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the Defendant William J. Bowen for damages at law, punitive damages, reasonable attorney's fees and costs and interest as provided by law.

## EIGHTH COUNT
## CITY OF MARGATE-VIOLATION OF
## NEW JERSEY CONSTITUTION, ART. I, ¶ 1.

43.     Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 42 as if set forth in full herein.

44.     The conduct of Defendant Bowen violated the provisions of Art. I, ¶ 1 of the New Jersey Constitution, which, *inter alia*, provides guarantees of equal protection and the right to privacy and personal integrity.

45.     Defendant City of Margate failed to adequately train, supervise and discipline Defendant Bowen and other police officers who engaged in acts of sexual misconduct towards members of the public based upon sex and in violation of the provisions of the New Jersey Constitution.  Additionally, the Defendant City of Margate failed to implement practices,

9

procedures and policies that would deter its police employees from discriminating based upon sex and violating the provisions of the New Jersey Constitution.

46.     As direct and proximate result of the failure of the Defendant City of Margate to take appropriate and necessary actions to prevent Bowen's acts of discrimination and sexual misconduct in violation of the New Jersey Constitution, Plaintiff Jennifer M. Vandegrift's constitutional rights were violated and she sustained compensable damages.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the Defendant City of Margate for damages at law, punitive damages, reasonable attorney's fees and costs and interest as provided by law.

## NINTH COUNT
## BOWEN-VIOLATION OF NEW JERSEY
## CIVIL RIGHTS ACT, N.J.S.A 10-6-1 *et seq.*

47.     Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 46 as if set forth in full herein.

48.      The conduct of Defendant Bowen violated Plaintiff's civil rights in violation of the provisions of the New Jersey Civil Rights Act, *N.J.S.A.* 10-6 *et seq.*

49.     As a direct and proximate result of Defendant Bowen's violations of her civil rights, Plaintiff Jennifer M. Vandegrift has sustained injuries and damages at law.

50.     Defendant Bowen's conduct was done deliberately, maliciously and is especially egregious and warrants the imposition of punitive or exemplary damages.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the Defendant William J. Bowen for damages at law, punitive damages, reasonable attorney's fees and costs and interest as provided by law.

10

## TENTH COUNT
## CITY OF MARGATE-VIOLATION OF NEW
## JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10-6 *et seq.*

51.     Plaintiff repeats and incorporates the allegations contained in Paragraphs 1

through 50 as if set forth in full herein.

52.     The conduct of Defendant Bowen violated the provisions of the New Jersey Civil

Rights Act, *N.J.S.A.* 10-6 *et seq.*

53.     Defendant City of Margate failed to adequately train, supervise and discipline

Defendant Bowen and other police officers who engaged in acts of sexual misconduct towards

members of the public based upon sex and in violation of the provisions of the New Jersey

Constitution and other laws providing civil rights to female citizens.  Additionally, the Defendant

City of Margate failed to implement practices, procedures and policies that would deter its police

employees from discriminating based upon sex and violating the provisions of the New Jersey

Constitution and other laws providing civil rights to female citizens.

54.     As direct and proximate result of the failure of the Defendant City of Margate to

take appropriate and necessary actions to prevent Bowen's acts of discrimination and sexual

misconduct in violation of the New Jersey Constitution and other laws providing civil rights to

female citizens, Plaintiff Jennifer M. Vandegrift's civil rights were violated and she sustained

compensable damages.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the

Defendant City of Margate for damages at law, punitive damages, reasonable attorney's fees and

costs and interest as provided by law.

## ELEVENTH COUNT
## BOWEN-TORT-ASSAULT

55.     Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 54 as if set forth in full herein.

56.     Defendant Bowen unlawfully and inappropriately touched and assaulted the Plaintiff, from which the Plaintiff sustained injuries.

57.     Defendant Bowen's conduct was done deliberately, maliciously and is especially egregious and warrants the imposition of punitive or exemplary damages.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the Defendant William J. Bowen for damages at law, punitive damages, reasonable attorney's fees and costs and interest as provided by law.

## TWELFTH COUNT
## BOWEN-TORT-INFLICTION OF EMOTIONAL DISTRESS

58.     Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 57 as if set forth in full herein.

59.     Defendant Bowen unlawfully inflicted emotional distress upon the Plaintiff.

**WHEREFORE,** Plaintiff Jennifer M. Vandegrift demands judgment against the Defendant William J. Bowen for damages at law, punitive damages, reasonable attorney's fees and costs and interest as provided by law.

***BARRON, BAKER & POSTERNOCK, L.L.P.***
Attorneys for Plaintiff, Jennifer M. Vandegrift


By:     _/s/Thomas M. Barron_____
        THOMAS M. BARRON

Dated: June 5, 2007

**JURY DEMAND**

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

**CERTIFICATION OF PENDING ACTIONS**

The undersigned certifies that there are no other actions, arbitrations or other proceedings pending or contemplated involving the parties or issues herein and that all necessary parties have been joined in this action.

/s/Thomas M. Barron

Thomas M. Barron

Dated:  June 5, 2007