A. Michael Barker, Esquire
Barker, Scott & Gelfand
a Professional Corporation
Linwood Greene – Suite 12
210 New Road
Linwood, New Jersey 08221
(609) 601-8677
AMBarker@BarkerLawFirm.net
AMB/lw - Our File Number: 47620-89
Attorney for Defendant, the City of Margate

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY - CAMDEN

| | |
|---|---|
| JENNIFER M. VANDEGRIFT<br>Plaintiff,<br><br>vs.<br><br>WILLIAM J. BOWEN;<br>THE CITY OF MARGATE; and,<br>John Does, One or More<br>Defendant | Civil Action<br>Number 07-cv-2623<br><br>ANSWER ON BEHALF OF<br>DEFENDANT, THE CITY OF<br>MARGATE, WITH SEPARATE<br>and AFFIRMATIVE DEFENSES,<br>CROSSCLAIM, NOTICE OF<br>DESIGNATION OF TRIAL<br>COUNSEL, and JURY DEMAND |

**NOW COMES** the Defendant, the City of Margate, by and through its

attorney, A. Michael Barker, of the Law Offices of Barker, Scott & Gelfand,

a Professional Corporation, and by way of answer to the Plaintiff's

Complaint, says:

## I. PARTIES

1.     The answering Defendant, the City of Margate, presently has insufficient information upon which to admit or deny the allegations of this paragraph; therefore, the City of Margate enters a formal denial and puts the Plaintiff to her proof.

2.     The answering Defendant, the City of Margate, presently has insufficient information upon which to admit or deny the allegations of this paragraph; therefore, the City of Margate enters a formal denial and puts the Plaintiff to her proof.

3.     Admitted.

4.     Denied.

## II. JURISDICTION AND VENUE

5.     Jurisdiction is admitted; liability is denied.

6.     Venue is admitted; liability is denied.

## III. COMMON FACTS

7.     Admitted.

8.     through 11. The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or

indirectly, the same are denied; and, the Plaintiff is put to her proof.

12. Denied.

13. Admitted.

14. Admitted.

## IV. CAUSES OF ACTION

### FIRST COUNT
### BOWEN – DEPRIVATION OF RIGHTS
### PURSUANT TO 42 USC §1983

15. The answering Defendant, the City of Margate, repeats and incorporates herein by reference each and every answer to each of the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

16. The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

17. The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the

same are denied; and, the Plaintiff is put to her proof.

WHEREFORE, the Defendant, the City of Margate, demands judgment dismissing the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems to be equitable and just.

## SECOND COUNT

### CITY OF MARGATE – DEPRIVATION OF RIGHTS PURSUANT TO 42 USC §1983 (Failure to Respond to, Investigate, or Act Upon Complaints of Sexual Misconduct)

18.  The answering Defendant, the City of Margate, repeats and incorporates herein by reference each and every answer to each of the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

19.  Denied.

20.  Denied.

WHEREFORE, the Defendant, the City of Margate, demands judgment dismissing the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems to be equitable and just.

## THIRD COUNT

### CITY OF MARGATE – DEPRIVATION OF RIGHTS PURSUANT TO 42 USC §1983 (Inadequate Hiring and Training Procedures)

21.  The answering Defendant, the City of Margate, repeats and

BARKER & SCOTT · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY 08221

incorporates herein by reference each and every answer to each of the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

22. Denied.

23. Denied.

24. Denied.

WHEREFORE, the Defendant, the City of Margate, demands judgment dismissing the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems to be equitable and just.

## FOURTH COUNT

### DEFENDANTS JOHN DOES, One or More – DEPRIVATION OF RIGHTS PURSUANT TO 42 USC §1983 (Inadequate Supervision and Training)

25. The answering Defendant, the City of Margate, repeats and incorporates herein by reference each and every answer to each of the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

26. Denied.

27. Denied.

28. Denied.

WHEREFORE, the Defendant, the City of Margate, demands

judgment dismissing the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems to be equitable and just.

### FIFTH COUNT
### BOWEN – VIOLATION OF NJSA 10:5-12

29. The answering Defendant, the City of Margate, repeats and incorporates herein by reference each and every answer to each of the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

30. Denied.

31. Denied.

32. The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

33. The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

34. The allegations of this paragraph are not directed toward this

answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

WHEREFORE, the Defendant, the City of Margate, demands judgment dismissing the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems to be equitable and just.

## SIXTH COUNT

### CITY OF MARGATE
### VIOLATION OF NJSA 10:5-4

35.  The answering Defendant, the City of Margate, repeats and incorporates herein by reference each and every answer to each of the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

36.  Denied.

37.  Denied.

38.  Denied.

WHEREFORE, the Defendant, the City of Margate, demands judgment dismissing the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems to be equitable and just.

## SEVENTH COUNT

## BOWEN – VIOLATION OF
## NEW JERSEY CONSTITUTION, ARTICLE 1, Paragraph 1

39.   The answering Defendant, the City of Margate, repeats and incorporates herein by reference each and every answer to each of the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

40.   The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

41.   The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

42.   The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the

BARKER & SCOTT · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY 08221

same are denied; and, the Plaintiff is put to her proof.

WHEREFORE, the Defendant, the City of Margate, demands judgment dismissing the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems to be equitable and just.

## EIGHTH COUNT

### CITY OF MARGATE - VIOLATION OF NEW JERSEY CONSTITUTION, ARTICLE 1, Paragraph 1

43. The answering Defendant, the City of Margate, repeats and incorporates herein by reference each and every answer to each of the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

44. Denied.

45. Denied.

46. Denied.

WHEREFORE, the Defendant, the City of Margate, demands judgment dismissing the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems to be equitable and just.

## NINTH COUNT

### BOWEN – VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT [NJSA 10:6-1, et seq.]

47. The answering Defendant, the City of Margate, repeats and

BARKER & SCOTT · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY 08221

incorporates herein by reference each and every answer to each of the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

48.   The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

49.   The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

50.   The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

WHEREFORE, the Defendant, the City of Margate, demands judgment dismissing the Plaintiff's Complaint with prejudice, and for such

BARKER & SCOTT · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY 08221

further relief as the Court deems to be equitable and just.

## TENTH COUNT

### CITY OF MARGATE - VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT [NJSA 10:6-1, et seq.]

51.    The answering Defendant, the City of Margate, repeats and incorporates herein by reference each and every answer to each of the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

52.    The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

53.    Denied.

54.    Denied.

WHEREFORE, the Defendant, the City of Margate, demands judgment dismissing the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems to be equitable and just.

## ELEVENTH COUNT

### BOWEN – TORT – ASSAULT

55.    The answering Defendant, the City of Margate, repeats and

BARKER & SCOTT · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY 08221

incorporates herein by reference each and every answer to each of the preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

56.   The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

57.   The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

WHEREFORE, the Defendant, the City of Margate, demands judgment dismissing the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems to be equitable and just.

### TWELFTH COUNT

### BOWEN – TORT – INFLICTION OF EMOTIONAL DISTRESS

58.   The answering Defendant, the City of Margate, repeats and incorporates herein by reference each and every answer to each of the

preceding paragraphs of the Plaintiff's Complaint, as if more fully set forth at length herein.

59.   The allegations of this paragraph are not directed toward this answering Defendant; therefore, no answer is required. However, to the extent the allegations of this paragraph are intended to inculpate the answering Defendant, the City of Margate, either directly or indirectly, the same are denied; and, the Plaintiff is put to her proof.

WHEREFORE, the Defendant, the City of Margate, demands judgment dismissing the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems to be equitable and just.

## SEPARATE and AFFIRMATIVE DEFENSES
### Pled On Behalf Of The Defendant,
### The City Of Margate

1.   Any injuries or damages sustained by the Plaintiff are the result of the act or acts of independent, intervening agencies over which the answering Defendant has no power or control.

2.   The answering Defendant did not breach any duty which may have been owed to the Plaintiff in this action.

3.   The Plaintiff's Complaint fails to set forth a cause of action; and, the answering Defendant reserves the right to move to dismiss the Plaintiff's Complaint on that ground.

4.    The claims of the Plaintiff are barred by reason of the Statutory Immunity of the answering Defendant; and, the answering Defendant reserves the right to move to dismiss the Plaintiff's Complaint on that ground.

5.    The Plaintiff's Complaint is barred by the provisions of the New Jersey Tort Claims Act. [NJSA 59:1-1, *et. seq.*]

6.    The answering Defendant is immune from liability pursuant to the provisions of NJSA 59:2-1, *et. seq.*

7.    The answering Defendant asserts the applicability of the provisions of NJSA 59:2-1, and NJSA 59:2-2, as to the immunities available to the public entity and/or public employee.

8.    The answering Defendant is not liable to the Plaintiff in that there is no liability upon any public employees pursuant to the provisions of NJSA 59:2-2(b).

9.    The answering Defendant is immune from liability pursuant to the provision of NJSA 59:3-1, *et. seq.*

10.   The answering Defendant asserts the applicability of the provisions of NJSA 59:2-3 through NJSA 59:3-2 as to the absence of liability from the exercise of judgment or discretion.

11.  The answering Defendant acted in good faith in the execution of enforcement of law and is not liable pursuant to NJSA 59:3-3.

12.  The answering Defendant asserts the applicability of the provision of NJSA 59:8-3 through NJSA 59:8-7 regarding failure to provide adequate and timely notice of claim.

13.  The answering Defendant asserts the applicability of the provision of NJSA 59:8-8 through NJSA 59:8-11 regarding failure to timely file notice of claim and/or failure to file adequate notice of claim as set forth therein.

14.  Any recovery to which the Plaintiff might otherwise be entitled is subject to reduction in accord with the judgments, damages, and interest provided in NJSA 59:9-2.

15.  The answering Defendant asserts the applicability of NJSA 59:9-3, NJSA 59:9-3.1 (limitations in contribution), and NJSA 59:9-4 regarding joint tortfeasors and the comparative negligence of the plaintiff(s).

16.  The answering Defendant asserts the applicability of NJSA 59:9-5 to limit fees and costs.

17.  The answering Defendant, by pressing the aforementioned defenses, does not intend to limit its defenses and/or rights under the

Act; and, the answering Defendant hereby affirmatively pleads the procedural and substantive provisions of the New Jersey Tort Claims Act [NJSA 59:1-1, *et. seq.*] which are applicable and have not been previously cited in this Answer.

18.   The claims of the Plaintiff are barred or limited by reason of the New Jersey Collateral Source Rule [NJSA 2A:15-97].

19.   The claims of the Plaintiff are barred by reason of the Plaintiff's failure to mitigate damages.

20.   The claims of the Plaintiff are barred by reason of the Doctrine of Estoppel.

21.   The claims of the Plaintiff are barred by reason of the Doctrine of Waiver.

22.   The claims of the Plaintiff are barred by reason of the Doctrine of Unclean Hands.

23.   The answering defendant acted without malice and in good faith; and, is not responsible to the Plaintiff in damages.

24.   The answering Defendant asserts that the actions taken by it were privileged, or subject to immunity or **qualified immunity**, and/or as authorized by law.

25.   The answering Defendant asserts that the Plaintiff has failed to plead any constitutional violations with such specificity as to state a cognizable claim under 42 USC §1983.

26.   The answering Defendant asserts that Plaintiff is unable to establish improper supervision by inaction in the face of persistent, widespread practices so common and well settled as to be imputable to the answering Defendant, constituting a blatant and routine disregard or a deliberate indifference to the rights of the Plaintiff.

27.   The answering Defendant asserts that appropriate disciplinary procedures were in place and utilized as necessary to assure protection of the rights of citizens involved.

28.   The answering Defendant asserts that the Plaintiff is unable to show any policy or procedure attributable to the answering Defendant, which was so inadequate as to amount to a deliberate indifference to constitutional rights of the Plaintiff.

29.   The answering Defendant asserts that the Plaintiff is unable to establish a policy and/or custom attributable to the answering Defendant, which deprived citizens of constitutional rights actionable under 42 USC §1983.

30. Any and all damages alleged to have been suffered by the Plaintiff are not causally related to any act or omission alleged to be chargeable to the answering Defendant.

31. The answering Defendant denies that the co-defendant, at the time of the incident underlying the Complaint, was the agent of the answering Defendant.

32. In the event damages should be awarded to the Plaintiff, they must be diminished by that percentage of the Plaintiff's own negligence, pursuant to the terms and provisions of the Comparative Negligence Statute of the State of New Jersey. [NJSA 2A:15-5.1 *et seq.*]

33. Any conditions of which the Plaintiff complains, or from which the Plaintiff allegedly suffers, are unrelated to any of the incidents referred to in the Plaintiff's Complaint.

34. The answering Defendant demands credit for any and all payments by way of insurance or other medical benefits received by the Plaintiff, as against any award made to the Plaintiff as a result of this lawsuit.

35. Pursuant to the Rules of Court, the answering Defendant reserves the right to seek a credit reducing the amount of any judgment for the Plaintiff, if any, to reflect the degree of fault allocated by the jury to

any co-defendant, regardless of settlement by any co-defendant. The answering Defendant asserts that the liability of any settling co-defendant shall be an issue at the time of trial.

36. The answering Defendant asserts its right to a credit as to any other settling co-defendant, or any other party in any other action, with whom the Plaintiff settles or has settled.

37. Although the answering Defendant denies any negligence in this matter, if the answering Defendant is found to have been negligent, such negligence was passive, imputed, and constructive; and, the answering Defendant cross-claims for indemnification from the defendant whose negligence was -- and is -- primary, actual, and direct.

38. The claims of the Plaintiff are barred by the Statute of Limitations in such cases made and provided.

39. The answering Defendant hereby reserves the right to amend this Answer to assert additional Separate Defenses as revealed or suggested by the completion of on-going investigation and discovery.

## CROSSCLAIM FOR
## CONTRIBUTION OR SETTLEMENT CREDIT

The answering Defendant crossclaims for contribution from the co-Defendant, William Bowen, and any fictitious party, pursuant to the terms of the New Jersey Joint Tortfeasors Act [NJSA 2A:53A], and the New

Jersey Comparative Negligence Act [NJSA 2A:15-5.3]; and, the New Jersey Tort Claims Act [NJSA 59:1, *et seq.*]

## CROSSCLAIM FOR INDEMNIFICATION
## COMMON LAW AND CONTRACTUAL

The answering Defendant crossclaims for common law indemnification, and contractual indemnification, against the co-Defendant, William Bowen, and any fictitious party for any judgment in favor of the Plaintiff and against the answering Defendant/ Crossclaimant, and for costs and interest upon the grounds that any liability of the answering Defendant/ Crossclaimant to the Plaintiff is technical and vicarious only; and, the answering Defendant/ Crossclaimant reserves the right to pursue the co-Defendant, William Bowen, for breach of contractual obligation.

## REQUEST FOR STATEMENT OF DAMAGES

The answering Defendant, the City of Margate, hereby demands that the Plaintiff furnish a written statement specifying the amount of damage claimed by the Plaintiff in this lawsuit.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

A. Michael Barker, Esquire, of the Law Firm of Barker, Scott & Gelfand, is hereby designated as trial counsel on behalf of the answering Defendant, the City of Margate.

## JURY DEMAND

The answering Defendant, the City of Margate, hereby demands a trial by jury on all issues subject to trial by jury.

Respectfully Submitted:

BARKER, SCOTT & GELFAND
a Professional Corporation

By: _____
A. Michael Barker, Esquire

Dated: ___August 10, 2007___